UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re | : | |
| | : | |
| CLINTON NURSERIES, INC., | : | 3:19-CV-01428-MPS |
| CLINTON NURSERIES OF MARYLAND, INC., | : | 3:19-CV-01433-JAM |
| CLINTON NURSERIES OF FLORIDA, INC., and | : | |
| TRIEM LLC, | : | |
| | : | |
| Debtors. | : | |
| CLINTON NURSERIES, INC., | : | |
| CLINTON NURSERIES OF MARYLAND, INC., | : | |
| And CLINTON NURSERIES OF FLORIDA, INC. | : | |
| | : | |
| Plaintiffs/Appellants, | : | |
| | : | |
| vs. | : | |
| | : | |
| WILLIAM K. HARRINGTON, | : | |
| UNITED STATES TRUSTEE, REGION 2, | : | October 16, 2019 |
| | : | |
| Defendant/Appellee. | : | |
| | : | |

**MOTION FOR CERTIFICATION OF APPEAL
BY CLINTON NURSERIES, INC., CLINTON NURSERIES OF MARYLAND, INC.,
AND CLINTON NURSERIES OF FLORIDA, INC.**

A Notice of Appeal having been filed by the appellants Clinton Nurseries, Inc. ("CNI"), Clinton Nurseries of Maryland, Inc. ("CNM"), and Clinton Nurseries of Florida, Inc. ("CNF" and with CNI and CNM, the "Appellants") on September 11, 2019, the Appellants hereby move (the "Motion") under 28 U.S.C. § 158(d)(2)(B) for a certification that a circumstance specified in 28 U.S.C. § 158(d)(2) exists. In support thereof, the Appellants respectfully state as follows.

1.  Leave to appeal in this matter is not required under 28 U.S.C. § 158(a)(1) because the appeal is from a final order or judgment of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). To the extent that the Bankruptcy Court, in the Ruling and Order Converting Contested Motion to Adversary Proceeding and Memorandum of Decision

1

Dismissing Adversary Proceeding for Failure to State Claims Upon Which Relief can be Granted [Doc. No. 835] (the "Subject Ruling"), dismissed without prejudice the Appellants "user fee claim," the Appellants have declined to replead such claim and thus the Subject Ruling is a final order or judgment as to all issues raised by the Appellants before the Bankruptcy Court. *Slayton* v. *American Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("an appellant can render … a non-final order 'final' and appealable by disclaiming any intent to amend.")

2. This certification arises in an appeal from an order of the Bankruptcy Court. On August 28, 2019, the Bankruptcy Court issued the Subject Ruling. On September 11, 2019, the Appellants filed a Notice of Appeal [Doc. No. 857] with respect to the Subject Ruling.

3. The Appellants respectfully submit that the Subject Ruling involves a question of law as to which there is no controlling decision in the United States Court of Appeals for the Second Circuit (the "Second Circuit") or the Supreme Court of the United States (the "Supreme Court"). *See* 28 U.S.C. § 158(d)(2)(A)(i). The Subject Ruling also involves matters of public importance, namely the funding mechanism of the United States Trustee (the "UST"). *See Id.*

4. The Appellants may supplement the certification with a short statement providing the basis of the certification. 28 U.S.C. § 158(d)(2)(C). Accordingly, the Appellants have contemporaneously filed a Supplement to Motion for Certification for Direct Appeal (the "Supplement").

5. The Subject Ruling deemed the Appellant's underlying Motion to Determine Amount of United States Trustee Fees Pursuant to 28 U.S.C. § 1930(a)(6) to be an adversary proceeding complaint and directed the Clerk to, *inter alia*, open an adversary proceeding docket and place the Subject Ruling within such docket. However, the Subject Ruling was never placed on the adversary proceeding docket. Therefore, in an abundance of caution, the Appellants filed the necessary documents to initiate this appeal in both the jointly administered bankruptcy matter

(Case No. 17-31897(JJT)) as well as the adversary proceeding (Adv. Pro. No. 19-03014). This has resulted in two appeals in the District Court being opened, one assigned Case No. 3:19-CV-01428-MPS and the other Case No. 3:19-CV-01433-JAM. The Appellants therefore are filing this Motion, the Supplement, as well as a Motion on Consent to Consolidate in an effort to resolve and avoid any procedural confusion. In the interim, for the purposes of clarity, all docket number references in this Motion refer to docket in the underlying bankruptcy matter (Case No. 17-31897(JJT)), which contains all relevant documents for this appeal.

Therefore, for the reasons stated above, the Appellants respectfully request that this Court enter an order certifying that a circumstance specified in 28 U.S.C. § 158(d)(2) exists and for such other and further relief as this Court deems just and proper.

CLINTON NURSERIES, INC.,
CLINTON NURSERIES OF MARYLAND, INC.,
and CLINTON NURSERIES OF FLORIDA, INC.,


*/s/ Eric Henzy*
Eric Henzy (Federal Bar No. ct12849)
Christopher H. Blau (Federal Bar No. ct30120)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06605
Tel. 203-368-4234
Fax 203-367-9678
Email: ehenzy@zeislaw.com
       cblau@zeislaw.com
Their Attorneys

## **CERTIFICATE OF SERVICE**

      I certify that on October 16, 2019, a copy of the foregoing Motion was filed electronically and served by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                            CLINTON NURSERIES, INC.,
                                            CLINTON NURSERIES OF MARYLAND, INC.,
                                            and CLINTON NURSERIES OF FLORIDA, INC.,


                                            */s/ Eric Henzy*
                                            Eric Henzy (Federal Bar No. ct12849)
                                            Christopher H. Blau (Federal Bar No. ct30120)
                                            ZEISLER & ZEISLER, P.C.
                                            10 Middle Street, 15th Floor
                                            Bridgeport, CT  06605
                                            Tel. 203-368-4234
                                            Fax 203-367-9678
                                            Email: ehenzy@zeislaw.com
                                                     cblau@zeislaw.com
                                            Their Attorneys